IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 15-cr-00149-JLK-8

UNITED STATES OF AMERICA,

        Plaintiff,

v.

8. NANCY GUZMAN,

        Defendant

---

**DEFENDANT NANCY GUZMAN'S UNOPPOSED MOTION TO EXCLUDE 120 DAYS FROM THE SPEEDY TRIAL ACT COMPUTATION**

---

      The Defendant, Nancy Guzman, by and through counsel, John F. Sullivan, and, pursuant to 18 U.S.C. Section 3161(h)(7)(B), respectfully submits the following in support of her request of this Court to grant a continuance of any hearings or deadlines to allow for counsel to review the discovery and to properly prepare this case. The Defendant submits that excluding 120 days from the speedy trial calculation would be sufficient. In support of her motion the Defendant would offer the following:

      1) Under the Speedy Trial Act, a trial must commence no later than seventy days after the indictment or initial appearance, whichever occurs later. The Act excludes time which results in a continuance on the basis of findings that the ends of justice outweigh the interests of the public and defendant in a speedy trial. 18 U.S.C. § 3161 *et seq.* Of note in recent case law, "[n]o such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the

public and the defendant in a speedy trial". 18 U.S.C. § 3161 (h)(7)(A)(*cited in United States v. Toombs*, 574 F.3d 1262, 1268 (10th Cir. 2009)).

2) The *Toombs* court noted, among others, the factor below as one which a judge may consider in determining whether to grant a continuance:

a. [w]hether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii) would deny the defendant reasonable time...necessary for effective preparation taking into account the exercise of due diligence.  18 U.S.C. § 3161(h)(7)(B)(iv).   *Toombs,* 574 F.3d at 1269.

3) The *Toombs* court continued: "'...the record must clearly establish the district court considered the proper factors at the time such a continuance was granted'. [citation omitted]. 'In setting forth its findings,  however, the district court need not articulate facts which are obvious and set forth in the motion for the continuance itself'".  *Id,* at 1269 (*citing United States v. Occhipinti,* 998 F.2d 791, 797 (10th Cir. 1993).

4) Courts have noted with approval ends of justice continuances when defendants "...put forth various reasons why the ends of justice would be served by granting the continuance, including the intricacies and voluminousness of the case and the seriousness of...potential punishment....In granting the continuance, the district court stated that the complexity of the case supported its conclusion that a continuance was necessary.  The court  noted that effective preparation of counsel was a factor it could consider...."  *United States v. Hills*, 618 F.3d 619, 628-9 (7th Cir. 2010)

5) This case was indicted on June 10, 2015.  Counsel was appointed on June 26, 2015.

6) Counsel received discovery on July 9, 2015 and it is voluminous.  The discovery consists of at least 13,000 pages of documents and over 3,000 hours of recorded prison calls as well as recorded interviews and accompanying transcripts.  There are seven other co-defendants and it is a

criminal tax case.

7) Tax cases often center on a tax loss calculation which may or may not involve an expert conducting a forensic analysis as to how the amounts were calculated. Counsel is aware that the allegations are that all the returns were false so an expert forensic examination/analysis may not be appropriate but it is too early to draw that conclusion.

8) Moreover, the nature of the charges is very serious. The Defendant could receive up to 10 years on Count 1 and up to 5 years for Counts 34 and 35.

9) In order to effectively prepare for this case by exercising due diligence, and given the potential for a significant prison sentence, counsel for the Defendant respectfully submits that continuance of the any deadlines and/or hearings and an exclusion of 120 days from the speedy trial calculation would be sufficient.

10) Counsel has spoken with Martha Paluch from the United States Attorney's Office and all co-counsel and they have no objection to this motion's being granted.

WHEREFORE, the Defendant, by counsel respectfully requests this Court find that the ends of justice served by granting an exclusion of 120 days, for counsel to effectively prepare this case, outweigh the best interests of the public and Defendant in a speedy trial and for all other relief proper in the premises.

Respectfully submitted this 14th day of July 2015.

s/John F. Sullivan, III
John F. Sullivan, III
1745 SHEA CENTER DRIVE, 4TH FLOOR
HIGHLANDS RANCH, CO 80129
(303) 748-4343

**CERTIFICATE OF SERVICE**

      I certify that a copy of the foregoing was served on this 14th day of July, 2015 by ECF upon all parties:

      s/John F. Sullivan, III