**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Criminal Case No. 15-cr-00149-RM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. RAUL CARAVEO,
2. PAMILA LUCERO,
3. SABRINA CARAVEO,
4. EUGENE CHAVEZ,
5. CAROLINA ARAGON,
6. CRISTINA PORTILLOS,
7. CONRAD ARCHULETA, and
8. NANCY GUZMAN,

    Defendants.

## ORDER

THIS MATTER comes before the Court following the filing of the Parties' Joint Status Report (the "Report") (ECF No. 206).

Before August 6, 2015, this matter was assigned to Senior Judge John L. Kane. While so assigned, Judge Kane ordered that a joint status report be filed on or before September 8, 2015 "stating the current status of discovery, suggested discovery and motions deadlines, and whether a status or motions hearing should be set." (ECF No. 152.) Upon reassignment of this matter to the undersigned, a status hearing was held on August 19, 2015, at which time the Court ordered

that the parties include their positions with respect to speedy trial in the previously ordered joint status report.  The Report has now been filed.

As to the matters ordered by Judge Kane, the Report does not address the current status of discovery, suggest any discovery deadline or request that any status or motions hearing be set.  As such, the Court interprets the parties' silence as indicating the lack of necessity for the Court to set any generalized discovery deadlines, to otherwise address the status of discovery, or to set any status or motions hearing at this time.  The Report does request that a motions deadline be set "no earlier than November 6, 2015" with the actual date being dependent upon the Court's interpretation of the speedy trial deadlines.

As to the speedy trial deadline, the parties disagree.  The government contends that the deadline is January 2, 2016.  Defendants contend that it is February 26, 2016.  The dispute is grounded in the following events.

Prior to June 10, 2015, the Court had granted a request for a 120 day ends of justice continuance filed by Defendants Raul Caraveo and Pamela Lucero.  (ECF Nos. 79 and 80.)  The motion specified an end date to the requested extension - October 26, 2015.  (ECF No. 79 at 1.)  The motion was granted by minute order of May 8, 2015.  Twelve days later, on May 20, 2015, the government filed a motion requesting that the Court's earlier speedy trial order (ECF No. 80) be made applicable to all defendants.  (ECF No. 85.)  That same day, by minute order (ECF No. 86), the Court granted the government's motion and ordered that the government motion be "granted as to all Defendants."

2

On June 10, 2015, a superseding indictment was filed in this matter adding two new defendants - Archuletta and Guzman.[1] When they subsequently first appeared before the magistrate judge, she computed their raw 70 day dates as September 4, 2015 for Guzman and an earlier date for Archuletta. (ECF Nos. 116 and 137.)

On July 8, 2015, the parties filed a status report (the "Earlier Report") with the Court. (ECF No. 147) In the Earlier Report, the parties noted the earlier ends of justice continuance, and then advised the Court of the superseding indictment. Thereafter, without explanation, the Earlier Report stated that in light of the addition of Archuletta and Guzman as defendants, "September 4, 2015, is the seventy-day speedy trial computation for all defendants, prior to any ends of justice continuances." (ECF No. 147 at 2.) The earlier motion made no attempt to explain how the earlier continuance was being viewed in the context of this statement. The Earlier Report instead went on to advise that Defendants Archuletta and Guzman had or would be filing motions for "an order declaring this case complex and excluding 120 days from the speedy trial computations." (ECF No. 147 at 3.) According to the Earlier Report, "the remaining defendants intend to join in this motion so that all speedy trial act exclusions correspond with one another." *(Id.)*

Defendants Archuletta and Guzman did file the motions described in the Earlier Report. Archuletta's motion was filed just before and on the same day as the Earlier Report. (ECF No. 146.) Guzman's was filed six days later on July 14, 2015. (ECF No. 151.) Although each motion requested that a 120 day exclusion be given, neither motion specified the operative date

---

[1] Ironically, both of them have filed notices of disposition.

from which such "120 day" extension would be computed or the end date of the 120 day extension.

On the same day that Guzman's motion was filed, and before any separate motion to join was filed by the remaining defendants, Judge Kane granted the motions filed by Archuletta and Guzman and ordered that "120 days shall be added to the speedy trial calculations for ALL Defendants." (ECF No. 152.)

The government contends that the 70 day date for the last added defendant - September 4, 2015 for Guzman - controls as the 70 day date for all defendants. This is based on the government's reading of 18 U.S.C. § 3161(h)(6). And the government adds 120 days (the Archuletta/Guzman extension) to September 4 to arrive at its January 2, 2016 date. The government does not explain how the earlier or first 120 day extension (the Caraveo/Lucero extension) fits into its analysis.

Defendants contend that a 70 day date applicable to them was extended by Judge Kane to October 30, 2015[2] by virtue of the granting of the Caraveo/Lucero extension. They then contend that Judge Kane's July 14, 2015 Order added 120 days to that date. The defendants do not explain what was intended by the statement in the Earlier Report that September 4, 2015 was the 70 day date for "all defendants, prior to any ends of justice continuances."

It is apparent to the Court that lack of precision and detail with respect to dates in prior filings has generated legitimate disagreement among the parties as to the proper end date of the

---

[2]The exact path by which the defendants reach the October 30 date is unclear. Presumably it is 120 days after the latest 70 day date of original defendants.

70 day clock, as extended.  The Court resolves the matter and holds that the 70 day date, as extended by prior Orders of Judge Kane, ends or expires on **February 23, 2016**.

The first motion for an ends of justice continuance (ECF No. 79) had a specified end date - October 26, 2015.  Judge Kane found that the interests of justice weighted in favor of granting "the requested 120 day exclusion."  (ECF No. 80.)  The government moved (ECF No. 85) to have the Court apply "its previous Order" to all defendants.  By minute order (ECF No. 86), Judge Kane granted the government's motion.

It is true that a superseding indictment was filed on June 10, 2015, and that two new defendants were thereby added to the case.  Assuming *arguendo* that the magistrate judge's calculations of the applicable 70 day date was accurate, I reject the suggestion that the latter of the new defendants' 70 day dates (September 4, 2015) dictated the 70 day date for the original defendants in this case.  While the Court acknowledges 18 U.S.C. § 3161(h)(6) and the "general rule" that the speedy trial clock of the "latest co-defendant" governs other defendants, the Court interprets both as providing a basis or mechanism for assuring that the last defendant to appear in a case gets the benefit of his or her full 70 day clock by extending earlier expiring clocks to coincide with that of the last defendant.  But nothing in the statute or the general rule empowers the government to invalidate or claw back an earlier extension ordered by a district judge through the wholly discretionary act of choosing to add defendants at times of the government's choosing.  Were this not true, no extension ordered by a Court would be certain and the government would, in many cases, have veto power over any extension granted by a district judge.

Thus, I conclude that the 70 day date for the original defendants remained as October 26, 2015, following the superseding indictment. Judge Kane's subsequent order (ECF No. 152), that "120 days shall be added to the speedy trial calculations for ALL Defendants" added 120 days to the previous clock which expired on October 26, 2015. Applying the literal language of the Order, the 70 day clock now expires on February 23, 2016.

ACCORDINGLY, IT IS HEREBY ORDERED that:

(1)   The 70 day or trial clock in this matter has been previously extended, and remains, to and including **February 23, 2016**;

(2)   Any party wishing to file motions in this matter shall do so on or before **November 13, 2015**;

(3)   Responses to any motions filed shall be due on or before **December 4, 2015**;

(4)   Notwithstanding items 2 and 3 above, the government shall file its response to ECF No. 201 on or before **October 7, 2015**; and

(5)   Upon receipt and review of such matters as may be filed, the Court will order additional status or other hearings as deemed appropriate.

Dated this 16th day of September 2015.

BY THE COURT:

_____
Raymond P. Moore
UNITED STATES DISTRICT JUDGE