CO-PROB12C
(Revised 5/14-D/CO)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

U.S.A. VS. NANCY GUZMAN                                      DKT. NO. 1:15CR00149-8

## PETITION FOR SUMMONS OF OFFENDER UNDER SUPERVISION

COMES NOW, Denise Dohanic, United States Probation Officer, presenting an official report upon the conduct and attitude of defendant Nancy Guzman, who was placed on supervision by the Honorable Raymond P. Moore, sitting in the United States District Court in Denver, Colorado, on September 30, 2016.  The defendant was sentenced to time served and three years' supervised release for an offense of Conspiracy to File False Claims for Refund, in violation of 18 U.S.C. § 286.  Supervision commenced on September 30, 2016, and is set to expire on September 29, 2019.  As noted in the judgment [Document # 562], the Court ordered mandatory, special and standard conditions of supervision. The probation officer alleges the defendant has violated the following terms and conditions of supervised release as set forth herein.

RESPECTFULLY PRESENTING PETITION FOR ACTION OF THE COURT DUE TO CAUSE AS FOLLOWS:

VIOLATION(S) ALLEGED:

## 1.  POSSESSION AND USE OF A CONTROLLED SUBSTANCE

On or about March 20, 2017, the defendant used or administered a controlled substance, cocaine, which had not been prescribed for her by a physician.  This constitutes a Grade C violation of supervised release.

The defendant submitted a urine specimen at Intervention Inc. in Grand Junction, Colorado, on March 20, 2017, which tested positive for cocaine.  On March 27, 2017, the defendant was questioned about this result.  The defendant was asked what she had been using to cause a positive test result, to which she responded "a little bit of marijuana" and "I had a couple of drinks with my brother."  When she was told this is not what the test result revealed she asked "Cocaine?"  She at first remarked she "did not remember" using cocaine, but that she must have if the test came back positive.  She was instructed to disclose her use in her substance abuse group on March 29, 2017, which she did.

On April 3, 2017, the defendant stated "I remembered I used a line of cocaine at somebody's house to help my pain."  She disclosed her use to her substance abuse group, and a meeting was scheduled to meet with both her group and individual counselor at Mind Springs Health in Grand Junction, Colorado, on April 11, 2017.  The defendant stated she could not make this appointment because she was going to Denver for a relative's birthday celebration.  The defendant was told this meeting was important to discuss with her counselors how to proceed with her substance abuse

Case No. 1:15-cr-00149-RM   Document 577   filed 04/26/17   USDC Colorado   pg 2 of 4

Nancy Guzman
1:15CR00149-8

Petition for Summons
Page 2

April 26, 2017

therapy.  She was also informed that a report would be sent to the Court with her input on her violation conduct, and what she wanted to do regarding her treatment going forward.

Another meeting was scheduled for April 12, 2017; however, the defendant stated she would not be back from Denver until later that afternoon for her substance abuse group. She subsequently failed to show for her substance abuse group on April 12, 2017.

An appointment was held with her counselors and the probation officer on April 17, 2017.  Her drug use was addressed at that time. The defendant stated "it was only one time" that she used cocaine.  When she was questioned about the alcohol and marijuana, she responded "You're going to tell the Judge about that too?"  The defendant also made the following statements: "I'm tired; I want to be left alone, I am doing the best I can."  She indicated she did not want to attend a higher level of treatment (Extensive Outpatient Program), and she did not want to attend individual counseling to further address her substance abuse or trauma issues.

## 2.  POSSESSION AND USE OF A CONTROLLED SUBSTANCE

On or about March 20, 2017, the defendant used or administered a controlled substance, marijuana, which had not been prescribed for her by a physician.  This constitutes a Grade C violation of supervised release.

On March 20, 2017, the defendant submitted a urine specimen which tested positive for cocaine.  On March 27, 2017, the defendant was questioned about this result.  The defendant was asked what she had been using to cause a positive test result to which she responded "a little bit of marijuana."

The issue of the defendant's ongoing substance abuse was thoroughly addressed with treatment resources and she indicated she did not want to attend a higher level of treatment.  She advised she thought that using marijuana was effective in addressing her physical pain issues.

## 3.  FAILURE TO PARTICIPATE IN SUBSTANCE ABUSE TESTING AS DIRECTED BY THE PROBATION OFFICER

The defendant failed to provide urine samples at Intervention Inc., the testing and treatment program in which the probation officer directed her to participate, on October 3, 2016; October 14, 2016; November 21, 2016; January 11, 2017; February 10, 2017; March 28, 2017; and April 7, 2017.  This constitutes a Grade C violation of supervised release.

On September 30, 2016, the defendant was instructed to participate in random drug testing at Intervention Inc. in Grand Junction, Colorado.  On October 3, 2016; October 14, 2016; November 21, 2016; January 11, 2017; February 10, 2017; March 28, 2017; and April 7, 2017, the defendant failed to report to the testing site for submission of a

drug test.  The probation officer received correspondence from the testing agency in each instance the defendant failed to submit to testing as instructed.  The defendant had a myriad of reasons why she missed providing urine samples for testing, none of which were excused.

## 4.  FAILURE TO PARTICIPATE IN SUBSTANCE ABUSE TREATMENT AS DIRECTED BY THE PROBATION OFFICER

The defendant failed to participate in individual and group substance abuse counseling at Mind Springs Health in Grand Junction, Colorado, in which the probation officer directed her to participate, on December 19, 2016 (group); January 25, 2017 (individual); February 22, 2017 (individual); March 1, 2017 (group); March 8, 2017 (individual); March 14, 2017 (individual); and April 12, 2017 (group).  This constitutes a Grade C violation of supervised release.

On September 30, 2016, the defendant was instructed to participate in substance abuse treatment services at Mind Springs Health in Grand Junction, Colorado.  On December 19, 2016; January 25, 2017; February 22, 2017; March 1, 2017; March 8, 2017; March 14, 2017; and April 12, 2017, the defendant failed to participate in group and individual therapy.  The probation officer received correspondence from the treatment agency in each instance the defendant failed to participate in treatment services.  The defendant had a myriad of reasons why she missed substance abuse treatment, none of which were excused.

## STATEMENT IN SUPPORT OF ACTION/JUSTIFICATION

Based on the nature of the defendant's alleged violations, the probation officer requests a summons.

## RESPECTFULLY REQUESTING THAT THE COURT WILL ORDER:

The issuance of a summons ordering the defendant to appear in court for a violation hearing, and that the Court consider revocation of supervision.

I DECLARE under penalty of perjury that the foregoing is true and correct.

*s/ Denise Dohanic*
_____
Denise Dohanic
Senior United States Probation Officer
Place:   Denver
Date:    April 26, 2017

*s/ Garret Pfalmer*
Garret C. Pfalmer
Supervising United States Probation Officer
Place:   Denver
Date:   April 26, 2017

## PRELIMINARY ADVISORY REVOCATION GUIDELINE CALCULATION:

The defendant was originally convicted of a Class C felony, thus the maximum sentence allowed upon revocation is two years imprisonment, pursuant to 18 U.S.C. § 3583(e). Based upon Chapter 7 of the U.S. Sentencing Guidelines, the most serious conduct alleged as a violation of supervision is considered a Grade C violation. The defendant's criminal history is a Category II, thus the advisory guideline range for revocation is 4 to 10 months.

## STATEMENT IN SUPPORT OF RELEASE AT INITIAL APPEARANCE:

The defendant is not viewed as presenting a risk of flight and danger to the community at this time. She continues to attend substance abuse treatment and submit to substance abuse testing other than what is noted in the petition. In addition, she does not present a risk of non-appearance as she has not absconded and reports when required again except for as noted above. Pursuant to F.R.Crim.P.Rule 32.1(a)(6), the burden of establishing by clear and convincing evidence that the person will not flee or pose a danger to any other person or to the community rests with the defendant.