# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Criminal Case No.  15-cr-00149-RM

UNITED STATES OF AMERICA,

    Plaintiff

    v.

NANCY GUZMAN,

    Defendant.

_____

**SENTENCING STATEMENT**
_____

The Defendant, by counsel, John F. Sullivan of the Law Office of John F. Sullivan, III, PC, respectfully submits the following as her sentencing statement in advance of her supervised release revocation hearing.

1) On September 30, 2016, Ms. Guzman was sentenced to time served and three years of supervised release for the offense of Conspiracy to File False Claims for Refund.

2) U.S. Probation is now recommending a seven-month executed sentence for her failure to comply with her rules of supervised release.

3) The defense respectfully submits that a seven-month executed sentence for these types of violations for this Defendant is too severe.

4) "It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the

punishment to ensue. Koon v. United States, 518 U.S. 81,113, 116 S.Ct. 2035 135 L.Ed.2d 392 (1996).

5) This case began when Ms. Guzman's habitually incarcerated husband, Mr. Archuleta, contacted her and told her what she needed to do in order to help him with his latest scheme to defraud. She did comply on two or three occasions with his requests and thus was a part of this conspiracy. As the prosecution could attest, Mr. Archuleta's phone calls with Ms. Guzman demonstrate his dominance of over her and frankly a profound disrespect for someone he calls his wife. At one point prior, he even shot Ms. Guzman and she transported herself to the hospital. She kept $500 for her actions in this conspiracy.

6) When confronted by the authorities prior to her indictment, she gave a statement as to her involvement. Counsel was appointed to represent her as a witness in the upcoming indictment and an agreement was reached that she would not be prosecuted if she came forward and gave a statement again.

7) Arrangements were made to debrief her again and counsel and the Assistant United States Attorney waited. Ms. Guzman did not arrive. It turns out she had been told by a family member who held herself out as a paralegal that debriefing would be harmful. By the time counsel was able to convince her that the paralegal advice was unwise it was too late and she was indicted.

8) Ms. Guzman struggles with life in general. At 67, she is on food stamps and receives SSDI to survive. She is also in HUD housing.

9) Her physical and mental health make things more difficult for her. Physically, she has struggled with a degenerative disc disease affecting several discs in her back for many

     years which is a constant source of pain.  She has recently had surgery for a broken elbow.  Mentally, she has been diagnosed with PTSD, depression, and an adjustment disorder.  She also has reported addictions to pain medications.

10) Yet, what is remarkable for someone struggling with all of this, is in the ten months since she has been on supervision, *she has only one positive drug screen*.

11) The source of this revocation is her failure to comply with classes, U/As and treatment plans.   It will be argued that she has missed several U/As.  It should be again noted, however, that she has only one positive.  Ms Guzman would object if it were to be argued that the missed U/As were because of heavy usage.  As an example, she missed a U/A on 10/3 but tested negative for illicit substances on 10/5.

12) It will likely be argued that she has missed group and individual counseling.  She has, several times.  However, she did complete 90 days of inpatient substance abuse counseling and it was reported she was fully involved in her treatment.  She has been in Trauma, Recovery and Empowerment since 11/30/16 which is a weekly meeting and she, in the last three months alone, has attended fifteen times.

13) Ms. Guzman has paid her restitution consistently since her being on supervision.

14) The exasperation felt by her supervisors in the Violation Report was palpable.  Counsel believes Ms. Dohanic has worked hard to help Ms. Guzman to fulfill her requirements and assigns no fault to probation for any of Ms. Guzman's failings.

15) However, in the larger sphere of what one sees on a daily basis in the federal system, the defense submits that seven months in prison for one positive U/A, and missing other U/As and some counseling, seems unduly punitive for a 67 year old woman living on

    food stamps, suffering from chronic pain and mental health issues, and who has committed no new offenses.

16) The defense submits that more of an intermediate sanction such as house arrest or a halfway house would be more appropriate.

WHEREFORE, based upon the above, the Defendant respectfully requests this Court impose an intermediate sanction short of prison and for all other relief proper in the premises.

Respectfully submitted this the 26th day of July, 2017

                                             s/John F Sullivan_____
                                             Law Office of John F. Sullivan, III, PC
                                             1745 Shea Center Drive, 4th Floor
                                             Littleton, CO 80129
                                             (303) 748-4343

## CERTIFICATE OF SERVICE

I certify that I have served a copy of this entry on the parties below on this the 26th day of July, 2017 via ECF:

    Ms. Martha Paluch
    Assistant United States Attorney        s/John F. Sullivan_____